### ALICE J. BOYER ET AL. V. BELL C. DAVIS ET AL.

A TRUST WILL NOT BE ENGRAFTED ON A DEED FOR LANDS BOUGHT BY A HUSBAND WITH HIS WIFE'S MONEY REDUCED TO HIS POSSESSION.

Under the law as it was in 1857, money of the wife reduced to the husband's possession became his property, unless there was a valid contract that it was to remain the property of the wife. Hence where it appears that land was bought by a husband, and paid for with his wife's money, which he reduced to his possession, and there is no evidence to show that the land was to be bought for her, or the title taken in trust for her, there is nothing to rebut the presumntion of law that the money, upon its receipt, vested in him, and a trust in favor of the wife will not now be declared.

APPEAL from the Court of Common Pleas of Clermont county.

SMITH, J.

We are of the opinion that on the pleadings and the evidence submitted, the petition of the plaintiffs, which seeks to engraft a trust upon a deed executed to their father, Ira I. Davis, by Wm. B. Davis, April 4, 1857, must be dismissed. It appears from the pleadings and the evidence that Lydia A. Davis, the wife of Ira I. Davis, and the mother of the three plaintiffs, was the daughter of Isaac Edwards, and on his death as one of his distributees became entitled to the sum of $416.00, as her share of her father's personal estate. This sum was paid by the administrator of Mr. Edwards' estate, to Ira I. Davis, the husband, and he, Davis, gave a receipt therefor, March 3, 1857. In a proceeding for the partition of the lands of her father, the same were sold, and, as averred in the petition in this case, the $867.06, the amount found to be due Mrs. Lydia A. Davis from the first payment, was paid to her March 13, 1857, and on December 8, 1857, she received $986.56, the amount due her on the second payment, and on December 8, 1858, the said Ira I. Davis received $1042.40, the amount due her as the third payment. It does appear from the evidence, that the husband received her share of the personal estate and gave a receipt therefor to the administrator, but there was no evidence offered showing which of the parties received or receipted for any of the money from the real estate.

The petition, however, further avers, and the evidence shows, that on April 4, 1857, Wm. B. Davis conveyed to Ira I. Davis the land in question, for the consideration of $4,000 by a deed absolute on its face. It further avers that the said Ira A. Davis paid to the said W. B. Davis the $416.00 received from the administrator as aforesaid, and the $867.06, the amount received from the first payment on the land, to the said W. B. Davis as part of the purchase money, and gave his notes to Davis for the balance due. And that afterwards Ira I. Davis appropriated the $986.56 to the payment of his notes, and that he also collected and applied the third payment of the land to said notes. That is, that $3312.03 of the money which came to Mrs. Davis from her father's estate, went into this land.

The only evidence that such was the case, was as to alleged admissions made by Ira I Davis thirty-five years ago to two persons, that it

had been the case—and we have no doubt that this was so. The diffi-culty, however, in the way of the plaintiffs, is this: That admitting all that they claim in this regard to be true, and that this money went to pay for the land, that on this state of facts, they do not show any ground to support their claim; for owing to the state of the law then in force, when the money was received by the husband, if it all was received by him, or if part thereof was received by him and part by her, and he obtained possession of that received by him, and used it, or appropriated it to his own use, as he did by paying it out for land purchased by him in his own name, the money became his, at once, and the property pur-chased with it was his, unless, at the time he received it, or subsequently, there was a valid contract between husband and wife that the money was to remain the property of the wife or that it was to be invested for her benefit, or unless something is shown to prove that the money did not become the property of the husband when he received it and converted it to his own use. In this case, there is no sufficient evidence to show anything of this kind. There is no pretense that any arrangement was ever made between husband and wife that he was to buy the land for her, or that the title was to be taken by him in trust for her. There is evi-dence tending to show that she wanted him to have the land conveyed to her, but that he refused, and there is nothing to rebut the presump-tion which the law raises, that when he received her money from her father's estate, as her husband, it immediately vested in him—and his conduct shows that he did reduce it to his possession. It is true, that in the conversations of the husband, thirty-five years ago, before mentioned, Ira I. Davis is said to have stated that it was his wife's money which went into the farm. But even if this was his exact language, which may well be doubted, we think his meaning simply was, that the money which he so received and used, was the money which came to her from her father's estate—not that it was her money after he received it. It would not do to engraft a trust on a deed absolute on its face, (which can only be done, by clear and convincing evidence) on such a statement as that, particularly in view of the fact, that the claim of Davis always was, up to the time of his death, that he was the owner of the land. The petition must be dismissed.